Chancellor Matthews
delivered the decree of the fiourt:
The, question in this case arises on the will of J. Barn-well. The words necessary to he adverted to are, “ Whatever my wife shall leave when she dies, not willed sold or given, and delivered before- -good witnesses, whet,her house, lots, horses, stock, plate, furniture, &c. I erder to l:e sold and the money divided amongst all ir*y *498 children.” It seems that Mrs. Barnwell, the wife of the testator, did make a disposition of part of the estate, by deed to Mrs. E. C. Deveaux (one of the testator’s children) and her children. It is contended by the couk plainants, that they are entitled to take what ivas so given by the mother, and also to an equal share with the rest of the children, of the estate left by the testator to his wife, and not disposed of by her. The first question then is whether the complainants are entitled to take both what is given to Mrs. Deveaux under the instrument of her mother, and an equal share with the other children under the will of her father. It appears that it was the intention of the testator to divide that part of his estate, which his wife might not dispose of, equally among all his children; but it does not appear that he intended to give any child a double portion, which would be the effect of this claim. It appears that the provision made by the mother for Mrs. E. Deveaux and her children, out of the testator’s estate, ivas made from providential motives, to secure to them, what E. Deveaux would be entitled to at her death, on account of the embarrassed state of Mr. Deveaux the husband; But it is contended for the complainant, that the provision made for Mrs. Deveaux by her mother, ought hot to be considered as a satisfaction of what she claims under her father’s will; because what is given her is only for life, with remainder to her children; and being a less estate ought not be deemed in satisfaction. This is extraordinary. Old Mr. Barnwell gave an absolute estate to his wife, with power to dispose of the same, as she pleased, even to the exclusion of complainant; and what she did not dispose of, was to go equally among the children. Mrs. Deveaux cannot therefore claim under both the deed of the mother, and the will of the father. She may take her choice; but to take both would he highly unwarrantable. The second question under this will arises thus: two of the testator’s children died after the making his will, and in his life time; both of them leaving children. Old Mrs. Barnwell, (wife of testator) made no disposHion as to them. The question then is, can these grandchildren come in under the will *499 vjf the grandfather, for their parent’s share of the. estate so undisposed of by the grandmother ? (See the words of the will above.) The rule., that the intention of the testator, if not inconsistent with some rules of law must prevail is not to be rigidly adhered to in all cases: formerly words of survivorship were construed into joint tenancy. In the case of Elliott and al. vs. the executors of B. Smith, determined in our own courts, the words of survivorship were as strong as could be. The words were, “ but in case any of my children should die before the time appointed for the payment of their portions, then the share of such child or children, so dying, shall be equally divided, among my Surviving children.” It was decided that the limitation over was not confined to the surviving children at the time, of the contingency, but at the death of testator; and that such children as survived him, and the representatives of the deceased, were equally entitled on the contingency happening. In the case of Drayton vs. Drayton, the court went further: the limitation over was on the death of John to his surviving brothers, W. H. one of the brothers did survive the testator, but died before John; yet his representatives were let in to a distributive share of the estate of John; so that the survivor. ship was confined to the more survivorship of the testator. In the case of Sealy vs. executors of Ball, it was decided that as no time was appointed by the will for the legacy Vesting, that marriage was a proper period for securing what might otherwise be considered as a joint tenancy. Thus where the intention of the testator is to make an sequal distribution of his estate among his children, and where such intention is founded in reason and justice, and not contrary to some rule of law or the principles of equity, courts of equity will carry them into effect. In the case before the court, Ihe intent is manifestly to divide. the estate not disposed of by the wife, among all the testator’s children. At the time of making his will all of them were alive; but two of them died before the testator, leaving issue. The testator never republished his will (though he lived some time, after) nor made a new one. it is a strong presumption that he meant that his graqd- *500 children should stand in the place of their parents. Té exclude them would be to defeat his expressed intent ta-provide equally for his children. And though a will is not consummate till the de.|th of the testator, it is in many respects inchoate from the execution. This construction may not quadrate with strict rules; yet it is not repugnant to any rule, and it is well warranted. Suppose a testator should leave by his will all his estate, ts he equally divided among his children, and one of them dies a few days before him, leaving a large family, depending on the bounty of the grandfather, and Jie dies without altering Ms will; ought the grandchildren to be left destitute, and the large estate to go wholly from them; perhaps to one child of testator, and he without a family? In such a case, the court would be disposed to say with lord chancellor Macclesfield, iS if there is no precedent it is time to make one.”
Mi’. Pringle for complainant; Mr. Desaussure and Mr. Ford for defendant.
It is decreed, that complainants have their option, to take under the will of the father, or under the deed of the mother; and that the children of the two daughters, who died in the testator’s life time, take their parents shares respectively, of the estate left by the grandfather, and that the costs be paid out of the estate.